UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDERICK ROBERT CLARKE,

Petitioner,

v. Case No. 3:26-cv-1903-MMH-SJH

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

Respondent.

---

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Petitioner challenges a 2011 state court (St. Johns County, Florida) judgment of conviction for lewd or lascivious molestation. Petitioner was sentenced to twenty-five years' imprisonment followed by a lifetime of sex-offender probation. (Id. at 1).

Petitioner previously filed a federal habeas petition challenging his conviction. In January 2019, the Court dismissed the petition with prejudice. See Clarke v. Sec'y, Fla. Dep't of Corr., No. 3:16-cv-1569-HLA-JRK, Doc. 21 (M.D. Fla. Jan. 23, 2019). "[B]efore a petitioner may file a second or successive § 2254 habeas petition, the petitioner first must obtain an order from [the

United States Court of Appeals for the Eleventh Circuit] authorizing the district court to consider the petition." Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1264 (11th Cir. 2020) (citing 28 U.S.C. § 2244(b)(3)(A)). However, "where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." Id. (internal quotation marks omitted). Thus, unless a new judgment was entered in Petitioner's state criminal case, the Court cannot entertain his latest petition without prior authorization from the Eleventh Circuit. See Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization").

Petitioner is subject to the restrictions on successive petitions because there was no "new judgment intervening between [his] two habeas petitions." Osbourne, 968 F.3d at 1264. After the denial of Petitioner's first petition, the state trial court modified certain provisions of his sex-offender probation but otherwise left his sentence intact. State v. Clarke, No. 10-CF-679, Docs. 218, 239 (Fla. 7th Jud. Cir. Ct.).[1] Notably, the modifications were entered "nunc pro

[1] The Court takes judicial notice of Petitioner's state-court docket. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) (finding the district court properly took judicial notice of petitioner's state-court dockets).

tunc" to the date of the original 2011 judgment. Id. In light of the nunc pro tunc designation, the modifications "related back to the date of the initial judgment" and did not create a "new judgment." Osbourne, 968 F.3d at 1267 ("[B]ecause the correction to the sentence was imposed nunc pro tunc, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244."); see also Allen v. Sec'y, Dep't of Corr., No. 22-14168, 2024 WL 1885557, at *1 (11th Cir. Apr. 30, 2024) ("[Petitioner's] 2019 resentencing was imposed nunc pro tunc, so his amended sentence was not a 'new judgment' for the purposes of [§] 2244. Accordingly, his 2021 [§] 2254 petition was successive to his 1998 and 2001 [§] 2254 petitions concerning the same judgment." (citation omitted)).

Because no new judgment was entered, this Court lacks authority to consider the claims raised by Petitioner without prior authorization from the Eleventh Circuit. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The Eleventh Circuit has not authorized Petitioner to file a second or successive habeas petition. Therefore, this case will be dismissed without prejudice to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. The **Clerk** shall send Petitioner an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he may complete the application and file it in the Eleventh Circuit.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

TpaP-2

C: Frederick Robert Clarke, #V02013